EUGENE PHILLIS WARD AND MARIE JOSEPHINE CATHERINE ELIZABETH
ANATOLE DeRIQUET, COUNTESS OF CARAMAN-CHIMAY DeCOCQ

*v.*

STATE OF ILLINOIS.

*Opinion filed March 8, 1923.*

INHERITANCE TAX—*when refund will be made.* In this claim there is
no dispute about the facts and law governing the case, and the Court enters
an award to claimants for a refund of the difference between the amount
of the inheritance tax paid under the original order fixing the tax and the
amount found to be due under the final order of the Court re-assessing the
tax. Section 25, Inheritance Tax Law.

Edward J. Brundage, Attorney General, for State.

The claimant, Eugenie Phyllis Ward and Marie Josephine Cather-
ine Elizabeth Anatole DeRiquet, Countess of Caraman-Chimay DeCocq
bring this suit under section 25 of the Inheritance Tax Law of Illi-
nois for a refund of a portion of the inheritance taxes assessed and paid
in the estate of Catherine Morrow, deceased.

Decedent died April 20th, 1915, leaving a last will and testament
dated May 21st, 1914, a first codicil thereto dated December 7th, 1914,
and a second codicil thereto dated January 15th, 1915, which will and
codicils were on October 1st, 1915, duly proved and admitted to probate
in the Probate Court of Cook County, Illinois, and the order admitting
them to probate was never vacated or appealed from.

John K. Lyon and Calvin Fentress, both of Cook County, Illinois,
were by the will appointed to be executors of the will and trustees in
and under the trusts created under and by said will and testament. They
duly qualified as such and the estate of said deceased was duly adminis-
tered according to law, and the executors were discharged as such exe-
cutors November 23rd, 1918, and the trust funds came into their hands
as trustees aforesaid. Besides certain legacies, which were paid the
testatrix devised the residue of her property to the said trustees to be
divided into three funds, to be known and are designated "Marie de
Caraman-Chimay Fund," "Joseph de Caraman-Chimay Fund," and
"Eugenie Phillis Ward Fund" as near in equal parts as possible might
be, the primary beneficiary being three grand children of testatrix after
whom the said funds were named as stated.

On the 7th day of February, 1916, the County Judge of Cook County,
Illinois, entered an order assessing a total inheritance tax in the estate
of $29,257.10, which said tax together with the interest amounting in
all to $30,622.43 was duly paid as provided by law. The three grand
children aforesaid were in said order taxed upon a life estate in their

said respective "Funds," and the remainder after their respective life estates, together with the remainders after their respective life estates, together with the remainder in a trust fund of $75,000.00, after the life estate of one Esmee Lyon d "Huekeren D" Anthez, were distributed for the purpose of the tax under said section 25 of the Inheritance Tax Law to a stranger, by virtue of certain contingencies in said will, which are not necessary to set out in this opinion as a certified copy of the will with its codicils and the entire proceedings of the Court are filed herein and admitted by the Attorney General to be correct.

The said Joseph D'Caraman-Chimay died January 20th, 1920, leaving surviving him no child or children or issue of deceased child or children and accordingly under the terms of the will the trustees turned over his "Fund" to themselves as trustees of the said "Marie Fund."

The trustees were authorized by the will that upon the happening of certain contingencies, one of which was that when the two said girls last mentioned should respectively attain the age of thirty (30) years the said funds as aforesaid on proper proceedings might be delivered as aforesaid.

On the 15th day of May, 1920, the contingencies happened as to the said Eugenie Phyllis Ward Fund, and the trustees accordingly transferred the then principal of said fund to said Eugenie Phyllis Ward free from any further conditions in said will. On May 14, 1921, these contingencies happened to Marie de Caraman-Chimay Fund and the trustees likewise transferred the then principal of said trust fund to said Marie, including that part paid into it as the Joseph de Caraman-Chimay Fund after the death of said Joseph as aforesaid. All of the contingencies mentioned in the will concerning, limiting and governing these said funds having happened and the properties having been transferred as aforesaid, then thereafter on the 3rd day of November, A. D. 1922, on proper petition of the said Phyllis and Marie, the County Court of Cook County entered an order re-assessing the inheritance tax in said estate, which had in the original order been assessed at the highest possible rate, said order of reassessment taxing said Marie upon one-third of the residue of said estate in fee, and the remainder in one-third after the death of the said Joseph; and Eugenie being taxed upon one-third of the residue in fee, thus leaving assessed against the stranger under section 25, only the remainder in the $75,000.00 fund after the death of Esmee Lyon de Huekeren D'Anthez; and the remainder of the original order assessing the taxes upon the specific legacies remaining the same. On the petition for re-assessment as aforesaid the County Court re-assessed said inheritance taxes at the sum of $15,087.81 without including interest due thereon, which when added at the rate of 6% from the date of the death of said testatrix on April 20th, 1915, to February 7th, 1916, making the total then due the State $15,809.50; and the difference between the said sum of $30,622.43 originally paid, the said sum of $15,809.50 is $14,812.93 which the claimants are entitled to as refund of inheritance taxes with interest thereon at the rate of 3% per annum from the 7th day of February, 1916, to the date of re-payment by the State of Illinois of said amount.

To all this the Attorney General in writing consents. The Court accordingly awards claimants the said sum of $14,812.93 to be paid to them respectively, according to the prayer of their said petition that is to say; the sum of $9,875.28 of said sum with interest as aforesaid to be paid to the said "Marie" and the sum of $4,937.65 with interest as aforesaid be paid to said Phyllis. The Court accordingly recommends appropriations for the payment of the amount so found to be due to said claimants, with interest as aforesaid.